**Charles Spencer HAERR, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 16047.**

United States Court of Appeals
Fifth Circuit.

Jan. 16, 1957.

---

534

John E. Fitzgibbon, Horace C. Hall, Laredo, Tex., Fitzgibbon, Goodwin & Gallagher, Laredo, Tex., for appellant.

L. Glen Kratochvil, Asst. U. S. Atty., Malcolm R. Wilkey, U. S. Atty., Houston, Tex., for appellee.

Before RIVES, TUTTLE and CAMERON, Circuit Judges.

CAMERON, Circuit Judge.

Haerr was convicted of unlawfully acquiring marihuana in violation of 26 U.S. C.A. § 4744(a) and, this being his second similar offense, was fined and sentenced to eight years imprisonment. Upon trial by the Court appellant insisted that the contraband should not be allowed in evidence as it was obtained through illegal search and seizure. The only question here is whether there was in fact a search and seizure.

At approximately ten o'clock p. m. December 16, 1955, Haerr, seated alone in the back seat of his automobile and being accompanied by two companions, one of whom was driving, in the front seat, was stopped by two Immigration (Border) Patrol Inspectors [1] about fourteen miles from the border at a checking station. The officers began their routine investigation to determine the citizenship of the occupants. Near the outset of this investigation Inspector Seeburger shined his flashlight into the back seat and noticed appellant hunched over two boxes on the floor, apparently attempting to hide them.

The Inspector asked: "What is in the boxes? Let's pull over to the side, please," whereupon the automobile was suddenly and rapidly driven away. The Border Patrol Inspectors gave chase and observed two boxes being thrown from the right side of the automobile approximately five hundred yards from the checking station. Successfully apprehending the trio after a few miles' chase, the Inspectors were told voluntarily by appellant that the boxes and contents were his and that he had thrown them

---

1. They were also commissioned Customs Patrol Inspectors, but our decision makes it unnecessary to discuss their right to conduct searches in that capacity.

from the car, and that his companions were strangers and in no way involved. Returning to the place where the boxes were thrown, they were picked up and found to contain marihuana, as appellant freely admitted.

Appellant, in his argument to exclude the marihuana as evidence, takes the position that an illegal search was instigated when Inspector Seeburger asked what was in the boxes and told the occupants of the automobile to pull over to the side. We cannot agree.

■ Appellant quotes from the Immigration and Nationality Act, 8 U.S.C.A. §§ 1225 and 1357 and admits that the Inspectors had the authority to stop and search the automobile and to make such investigation as they deemed proper to determine whether any of the occupants were aliens. Such a procedure might reasonably involve examination of any personal property in their possession as well as all parts of the car including the trunk. These occupants never permitted the search to get under way before their unceremonious departure in defiance of the Inspector's reasonable request that the car be pulled over to the side of the road. Under the facts here, it is clear that no search took place.

■ A search implies an examination of one's premises or person with a view to the discovery of contraband or evidence of guilt to be used in prosecution of a criminal action. The term implies

exploratory investigation or quest. 79 C.J.S., Searches and Seizures, § 1. Stopping the automobile in quest of aliens was the duty of the Border Patrol, and it was a part of the performance of this duty to look into the automobile. Mere observation, however, does not constitute a search. United States v. Lee, 1926, 274 U.S. 559, 47 S.Ct. 746, 71 L.Ed. 1202; Ellison v. United States, D.C.Cir.1953, 206 F.2d 476; United States v. Strickland, D.C.S.C.1945, 62 F.Supp. 468.[2]

The Inspectors clearly had the right to interrogate the occupants of the automobile. Hall v. United States, 5 Cir., 1956, 235 F.2d 248; Carter v. United States, 5 Cir., 1956, 231 F.2d 232. There was nothing illegal or threatening in the question asked or the language employed by the Border Patrol.[3] The investigator's conduct was reasonable in every respect and we cannot say that a search was ever instituted.

■ Nor was there a seizure; appellant, by his own design and choice, threw the boxes containing marihuana from the car and there was no seizure in the legal sense when the Patrol returned to recover them. Hester v. United States, supra, and Lee v. United States, 1954, 95 U.S.App.D.C. 156, 221 F.2d 29. Our conclusion that there was no search or seizure disposes of other questions raised on this appeal. The judgment is, accordingly,

Affirmed.

2. Hester v. United States, 1924, 265 U.S. 57, 44 S.Ct. 445, 446, 68 L.Ed. 898, involved facts similar to those here, the officers, approaching a dwelling without search warrant and firing a pistol causing Hester and a companion to run and drop and break receptacles found to contain whiskey. The Supreme Court affirmed the action of the trial court in refusing to exclude evidence of what the vessels contained: "It is obvious that even if there had been a trespass, the

above testimony was not obtained by an illegal search or seizure. The defendant's own acts, and those of his associates, disclosed the jug, the jar and the bottle—and there was no seizure in the sense of the law when the officers examined the contents of each after it had been abandoned."

3. Cf. Palmquist v. United States, 5 Cir., 1945, 149 F.2d 352, and the language used there where this Court determined that no search occurred.