John GUZMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 44140.

Court of Criminal Appeals of Texas.

Oct. 26, 1971.

Herrington, Levbarg, Weeks & Jones, Inc., by T. Allen Herrington, Austin, for appellant.

Robert O. Smith, Dist. Atty., Phillip A. Nelson, Jr., and H. Kelly Ireland, Asst. Dist. Attys., Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for possession of heroin with the punishment being assessed at 20 years.

The record reflects that on February 7, 1970, around 10 a. m. Sgt. Jerry Spain, a two year veteran of the narcotics detail of the Austin Police Department, received two calls while patrolling. As a result of such calls Spain in company with Sgt. Hersom went first to a drug store on East 1st Street and then to the Pan Am Recreation Center Building on East 3rd Street. Upon entering the building Spain saw the appellant whom he knew walking towards the restroom. He followed. Inside the restroom he saw the appellant throw a bluish-green object which appeared to be a balloon behind a trash can. Spain retrieved the object and found the balloon contained sixteen capsules of a white powder substance. The appellant was arrested. The chain of custody of the capsules was established and the chemical analysis revealed the same to contain heroin.

The appellant did not testify. He offered evidence from the manager of the recreation center as to the physical layout of the building involved. Photographs of the building and restroom were also offered and admitted.

At the penalty stage of the trial it was shown that the appellant had been previously convicted of burglary and robbery by assault.

The sufficiency of the evidence is not challenged, but the appellant contends the court erred in refusing to exclude "irrelevant and immaterial evidence" at the guilt stage of the proceedings, depriving him of a fair trial.

On cross-examination Spain was extensively questioned concerning his opinion or impression that the appellant was headed for the restroom when he was first spotted by Spain.

On re-direct examination Spain was then asked:

"Q. Would you tell why you believed he was going to the bathroom?

"A. My prior knowledge of what John * * *"

After several objections the following transpired:

"Q. What is it about bathrooms in investigation of narcotics cases * *

"MR. GARCIA: Your Honor, I am going to object as to what bathrooms have to do with narcotics cases. I think it is inflammatory, prejudicial for any testimony along this line, and I object to any further testimony from this witness along this line.

"THE COURT: Overrule the objection.

"MR. GARCIA: Note our exception.

"A. It is the one place a pusher can get rid of dope.

"MR. GARCIA: Your Honor, I am going to object to the word 'pusher' and ask the Court to instruct the jury to disregard that, and I ask for a mistrial."

The court instructed the jury as requested but denied the mistrial.

■ The appellant having seriously challenged the witness' opinion or impression on cross-examination, he is in no position to complain of the State's pursuit of the same on re-direct examination. See Vasquez v. State, Tex.Cr.App., 415 S.W.2d 188, 191 (1967).

In Texas Law of Evidence, McCormick and Ray, Vol. I, Sec. 621, pp. 475–476, it is stated:

"So the witness may explain answers given on cross-examination, and may explain inconsistencies in his testimony or expressions used by him. If he is placed in a bad light before the jury by the testimony on cross-examination, he may, on re-direct examination, remove such unfavorable impression. And where certain conduct of the witness has been detailed on cross-examination, he may be asked the reasons or motives therefor on the re-direct examination. Many times the cross-examiner develops only part of a transaction or conversation. In such instances, the other side is entitled to bring out the whole of it on the re-direct examination."

■ Under the circumstances presented and the court's jury instruction to disregard the word "pusher," we overrule appellant's contention that irrelevant and immaterial evidence was admitted.

■ Next appellant claims deprivation of effective assistance of retained trial counsel based solely on the failure to object to the admission into evidence of the heroin which was the basis of the prosecution.

Appellant relies upon People v. Ibarra, 60 Cal.2d 460, 34 Cal.Rptr. 863, 386 P.2d 487 (1963). In Ibarra there was a legal basis for an objection to the introduction of the heroin taken from the defendant's person because of an illegal search and seizure and the objection was not made by the deputy public defender as a result of an unawareness of a rule of law basic to the case. Under the particular circumstances, the California Supreme Court held the trial was reduced to a farce and a sham. Two justices dissented. The correctness of such holding may well be open to question.

In the case at bar there was no search. There was no basis for an objection on that ground. Sgt. Spain recovered the balloon containing the heroin after it had been abandoned or discarded by the appellant. The balloon was in plain sight in a public restroom designed for the use of several persons at the same time.

■ Appellant contends that "[e]ntering a restroom to observe a suspect's behavior, when done with the specific purpose of observing what a suspect will do once inside, is a search." We do not agree.

The record reflects that the arresting officer testified at the examining trial. The docket sheet also reflects that the comprehensive motion for discovery filed by appellant's counsel was granted. Prior to trial appellant's counsel personally visited the arrest scene and took photographs which were introduced into evidence. There can be no question but that counsel was well prepared for trial and aware of the circumstances of the arrest. Knowing that the State was not relying upon the fruits of any search, appellant's counsel attempted to show that the officer-witness could not have been in a position to observe the appellant discard the balloon in question, if in fact he did. This clearly appears to be a part of the trial strategy based upon judgment—not an unawareness of a rule of law basic to the case.

We find no basis for a claim of ineffective assistance of retained counsel. See Lawson v. State, Tex.Cr.App., 467 S.W.2d 486.

The judgment is affirmed.

ROBERTS, J., not participating.