**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Eugene Cecil McKIM, Defendant-
Appellant.**

**No. 73–1787
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Nov. 12, 1973.

Rehearing Denied Nov. 29, 1973.

Oscar J. Pena, Laredo, Tex. (Court-appointed), for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

AINSWORTH, Circuit Judge:

Appellant Eugene Cecil McKim was convicted of conspiring to import, possessing with intent to distribute and importing into the United States from Mexico, approximately 60 pounds of marihuana, in violation of 21 U.S.C. §§ 952(a), 841(a)(1) and 960(a)(1), respectively. On appeal he contends that the district court erred in allowing, over his objection, the use of illegally obtained evidence, to-wit, the marihuana. Because of the recent Supreme Court decision of Almeida-Sanchez v. United States, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973), and our later decision in United States v. Byrd, 5 Cir., 1973, 483 F.2d 1196, we reverse.

On September 9, 1972, at approximately 2:30 a. m., appellant, accompanied by two passengers, was driving a 1972 Ford automobile on Texas Highway 1017 in a northerly direction, about 55 miles from the Mexican border when the vehicle was stopped by two United States Border Patrol Agents for a routine immigration check. At the request of the agents McKim opened the trunk of the vehicle and the agents detected a strong odor of marihuana emanating therefrom. A subsequent search of the trunk revealed marihuana contained in four plastic bags, which was seized and later introduced in evidence at the trial.

Border Patrol Agent Ostrowski testified that he did not notice anything unusual when he approached the automobile to conduct an investigation for aliens, that he and his partner had been assigned to the area to make routine immigration inspections of vehicles to prevent the illegal entry of aliens into the United States. They were "taking a roving checkpoint" when they stopped McKim. The agent distinguished a "roving checkpoint" from any other checkpoint,

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

saying, "It is not a stationary checkpoint with stop signs and stuff like that on the highways. My partner and I rode different highways at random and we stopped the traffic to conduct our immigration inspections." He testified that he did not know whether or not the vehicle had been to Mexico or anywhere close to the border, that he was not looking for that particular car and had no search or arrest warrant.[1]

The facts here closely resemble those in *Almeida-Sanchez, supra,* in which the Supreme Court reversed a judgment of conviction, having found no support for the constitutionality of a stop and search where the search was not a border search nor the functional equivalent thereof, and there was no probable cause for stopping and searching and no consent thereto by petitioner. In that case,

"The petitioner was stopped by the United States Border Patrol on State Highway 78 in California, and his car was thoroughly searched. The road is essentially an east-west highway that runs for part of its course through an undeveloped region. At about the point where petitioner was stopped the road meanders north as well as east—but nowhere does the road reach the Mexican border, and at all points it lies north of Interstate 80, a major east-west highway entirely within the United States that connects the Southwest with the west coast. The petitioner was some 25 air miles north of the border when he was stopped. It is undenied that the Border Patrol had no search warrant, and that there was no probable cause of any kind for the stop or the subsequent search— not even the 'reasonable suspicion' found sufficient for a street detention

and weapons search in Terry v. Ohio, 392 U.S. 1 [88 S.Ct. 1868, 20 L.Ed.2d 889], and Adams v. Williams, 407 U.S. 143 [92 S.Ct. 1921, 32 L.Ed.2d 612]." 413 U.S. at 267, 93 S.Ct. at 2536.

In reversing the judgment of conviction, the Supreme Court noted:

"Whatever the permissible scope of intrusiveness of a routine border search might be, searches of this kind may in certain circumstances take place not only at the border itself, but at its functional equivalents as well. For example, searches at an established station near the border, at a point marking the confluence of two or more roads that extend from the border, might be functional equivalents of border searches. For another example, a search of the passengers and cargo of an airplane arriving at a St. Louis airport after a nonstop flight from Mexico City would clearly be the functional equivalent of a border search.

"But the search of petitioner's automobile by a roving patrol, on a California road that lies at all points at least 20 miles north of the Mexican border, was of a wholly different sort. In the absence of probable cause or consent, that search violated the petitioner's Fourth Amendment right to be free of 'unreasonable searches and seizures.'" 413 U.S. at 273, 93 S.Ct. at 2539.

Although the Supreme Court's "functional equivalent" test is merely illustrative, and does not foreclose the possibility of future situations warranting the characterization of "functional equivalents" to border searches, under the analogous circumstances of the present

1. In United States v. Byrd, 5 Cir., 1973, 483 F.2d 1196, a case which is factually similar to the present one, we reversed the conviction of appellant who was stopped on a Texas Highway 45 miles from the Mexican border by United States Border Patrol Agents conducting a roving patrol in search of illegal aliens. As here, the officers had no search warrant and no probable cause to believe that defendant was smuggling aliens across the border. The car was stopped for a routine immigration inspection which resulted in the discovery and seizure of marihuana. Applying the principles of *Almeida-Sanchez, supra,* we concluded that a search 45 miles on this side of the Mexican border was not the functional equivalent of a border search, and in the absence of probable cause or consent, was unconstitutional.

case the constitutionality of the search cannot be upheld. As in *Almeida-Sanchez*, appellant was stopped by a roving patrol, not at an established station, on a road which at no point reaches the Mexican border, and which more or less parallels Federal Highway 83, a major east-west highway entirely within the United States. Highway 1017, on which appellant was stopped, runs from Linn, Texas, to San Gloria, Texas, in a north-westerly direction; thence generally in a northerly direction. At all points it is at least 35 miles from the international border. The act of the officers in stopping appellant at a point approximately 55 miles from the border was based neither on probable cause nor suspicion.

Reversed.