**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Roger D. WILSON and Daniel E. Stogdill. Defendants-Appellants.**

**No. 73–3168.**

United States Court of Appeals, Fifth Circuit.

April 17, 1974.

---

Carl C. Chase, Corpus Christi, Tex. (court-appointed), for defendants-appellants.

Anthony J. P. Farris, U. S. Atty., B. Stephen Rice, James R. Gough, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before WISDOM, AINSWORTH and GODBOLD, Circuit Judges.

AINSWORTH, Circuit Judge:

Appellants, Roger D. Wilson and Daniel E. Stogdill, were convicted of possessing with intent to distribute approx-

imately 67 pounds of marihuana, in violation of 21 U.S.C. § 841(a)(1). They contend on appeal that the trial court erred in failing to grant their motion to suppress the marihuana on the ground that the search and seizure were illegal under Almeida-Sanchez v. United States, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973).[1] We do not agree and therefore affirm.

On the morning of September 17, 1972, United States Border Patrol Agent Larry Jackson was on duty at an immigration inspection checkpoint situated on United States Highway 281, 16 miles south of Falfurrias, Texas, and between 59 and 70 miles from the border of Mexico. At approximately 7:15 a. m. a vehicle, which had been traveling in a northerly direction, pulled up and stopped. Appellant Wilson was driving and appellant Stogdill occupied the front passenger seat. They were told by Agent Jackson that they were at an immigration checkpoint. In response to Agent Jackson's question, appellants said they had come from Fort Hood. They were asked to pull over to the side of the road for a routine immigration inspection, whereupon they immediately sped off in the vehicle, proceeding northward. Jackson followed them in a chase car. As he rounded a curve, he spotted defendants' vehicle parked at the side of the road. The trunk was open and Stogdill, standing next to it, was throwing out plastic bags on to the road, after which he reentered the car which again sped off in a northerly direction. Agent Jackson continued in pursuit and approximately 6 miles farther on again saw appellant's car parked at a cafe on the road. Appellants were arrested, and subsequently six plastic bags containing marihuana, the subject of the indictment, were retrieved from the highway by Agent Jackson.

1. Appellant relies on the oft-repeated and now familiar holding in *Almeida-Sanchez*, that a search of an automobile by a roving patrol approximately 20 miles north of the Mexican border, in the absence of probable cause or consent, violated petitioner's Fourth Amendment right to be free of unreasonable searches and seizures. 413 U.S. at 273, 93 S.Ct. at 2540.

The bags of marihuana when recovered were no longer in possession of defendants but were in plain view on a public highway. Thus there was neither search nor seizure, illegal or otherwise. In Haerr v. United States, 5 Cir., 1957, 240 F.2d 533, a case directly in point, immigration patrol inspectors stopped a vehicle for an investigation to determine the citizenship of its occupants. During routine questioning one of the inspectors directed his flashlight into the back seat of the vehicle and noticed that defendant was attempting to conceal two boxes. The inspector asked, "What is in the boxes? Let's pull over to the side, please",[2] at which point the automobile was driven away. The inspectors gave chase and in doing so observed two boxes being thrown from the automobile, which boxes were later retrieved and found to contain marihuana. We held under those circumstances that there was no search. We further said that since the boxes were thrown by appellants' own design and choice there was no seizure in the legal sense when they were recovered by the Border Patrol inspectors. The facts in the present case parallel those of Haerr, with the exception that there was no use of a flashlight into the vehicle. The plastic bags were observed for the first time when they were being thrown from the vehicle. There is no reason in fact or law why they should not have been recovered.[3]

Inasmuch as there was no search or seizure, discussion of the applicability of Almeida-Sanchez is unnecessary. Nevertheless, appellants' reliance on that decision is misplaced. Almeida-Sanchez was decided on June 21, 1973. We have recently held that the ruling therein is to be given prospective application only, that the cutoff date is the date of the search and seizure, and therefore that it is applicable only to those searches and seizures which occurred after June 21, 1973. Miller v. United States, 5 Cir., 1974, 492 F.2d 37. The alleged "search and seizure" in the present case occurred on September 17, 1972, and therefore would not be judged by Almeida-Sanchez standards.

Affirmed.

3. See also United States v. Williams, 6 Cir., 1963, 314 F.2d 795—it is not a search to observe that which occurs openly and in a public place and which is fully disclosed to visual observation; United States v. Zimple, 7 Cir., 1963, 318 F.2d 676—an envelope picked up by an official which had been discarded by defendant while the two were walking together is no seizure; Cutchlow v. United States, 9 Cir., 1962, 301 F.2d 295—recovery of a jar containing heroin which had been thrown from a window was not an unlawful search or seizure; Trujillo v. United States, 10 Cir., 1961, 294 F.2d 583—there is no search or seizure in the retrieval and examination of packages containing contraband dropped in public place.