**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John Thomas DALY, Defendant-
Appellant.**

No. 72–3304.

United States Court of Appeals,
Fifth Circuit.

May 2, 1974.

Jimmy James, Houston, Tex., for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., Daniel V. Alfaro, James R. Gough, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before WISDOM, GEWIN and COLEMAN, Circuit Judges.

WISDOM, Circuit Judge:

The critical issue in this case is the validity of a border search that occurred before the Supreme Court decided Almeida-Sanchez v. United States, 1973, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596. In Miller v. United States, 5 Cir. 1974, 492 F.2d 37 this Court recently held that *Almeida-Sanchez* must be given prospective effect only; that decision is applicable, therefore, only to searches and seizures taking place after June 21, 1973. We hold that in this case, under pre-*Almeida-Sanchez* standards, the challenged search was valid. We affirm.

At about 1:00 a. m., July 27, 1972, two United States border patrol agents/custom officials, Loman and Barajas, were patrolling Federal Highway 59. This is the principal highway between Laredo and Houston. Two pickup trucks, travelling from the border, passed the patrol car. One was pulling a camper; the other had what appeared to be a large toolbox in the pan of the truck. The box extended beyond the sides of the pickup. The agents stopped both trucks. This was at a point about 50 miles from Laredo and 12 miles from

Freer, the closest town to Laredo on Highway 59. A map of Texas shows only two short insignificant roads which cross Highway 59 between Laredo and the point where the agents stopped Daly.

Officer Loman testified that he stopped the cars for "a routine immigration inspection". Barajas inspected the truck pulling the camper and after a conversation with the driver allowed it to proceed. The driver of the second truck was the defendant-appellant, John Thomas Daly. He got out of the truck as Loman approached him. Loman identified himself and asked Daly if he was an American citizen. Daly replied affirmatively. Loman noticed that the toolbox "could have held several persons". It was padlocked. When asked what it contained, Daly said, "Just our sleeping bags". On Loman's request, Daly climbed into the truck, opened the padlock himself, and swung the top open. Loman climbed over the back of the truck and as soon as he did "could smell marihuana even before [he] put the light on the box". He saw two burlap bags, which he recognized as of Mexican origin, because Mexicans use a distinctive stitch not used in this country in burlap bags. He picked up one and felt brick-like forms in it; marihuana is frequently pressed into bricks for convenience. He could tell that "the smell was definitely coming from the bags".

Loman testified that the toolbox was homemade, and was built into the bed of the truck. He estimated that it was five and one-half feet long, two and a half feet wide, and two feet high. Daly's attorney, in his brief, agrees with these estimates.

Loman then searched Daly and a hitchhiker (later released) who had also been in the truck, advised them that they were under arrest, and read to them the *Miranda* warnings. Further search of the box disclosed about seventy-three pounds of marihuana under one or more sleeping bags.

Later, Daly was charged with knowingly possessing, with intent to distribute, seventy-three pounds of marihuana

in violation of 21 U.S.C. § 841(a)(1). His motion to suppress the seized marihuana was denied. He was tried to a jury, found guilty, and sentenced to thirty months imprisonment with a special parole term of two years.

In 1789, the same Congress that proposed the Bill of Rights authorized customs officials to search, without a warrant or probable cause, anyone entering the United States. Act of July 31, 1789, ch. 5, § 24, 1 Stat. 43. The most recent pertinent statute authorizes Immigration Service officers to search vehicles within a "reasonable distance" of any boundary of the United States without a warrant, on "reasonable cause to suspect". 8 U.S.C. § 1357(a)(3). Immigration Service regulations define "reasonable distance" to mean any distance within 100 miles of any border. 8 C.F. R. § 287.1. This Court has upheld the validity of a search made about 75 miles from the Mexican border. Ramirez v. United States, 5 Cir. 1959, 263 F.2d 385. See also United States v. De Leon, 5 Cir. 1972, 462 F.2d 170; United States v. Maggard, 451 F.2d 502 (5th Cir. 1971); United States v. Aranda, 9 Cir. 1972, 457 F.2d 761; United States v. Foerster, 9 Cir. 1972, 455 F.2d 981; United States v. Almeida-Sanchez, 9 Cir. 1971, 452 F.2d 459; Duprez v. United States, 9 Cir. 1970, 435 F.2d 1276; Fumagalli v. United States, 9 Cir. 1970, 429 F.2d 1011.

Under pre-*Almeida-Sanchez* standards, the agents properly stopped the car for routine inspection of its contents and questioning of its occupants. It might even be argued that the patrolling of the particular stretch of Highway 59 which was patrolled by the agents constituted a movable, but the only feasible and effective functional equivalent of a permanent border checkpoint. We need not do so far, however. The agents met the appropriate standard of "mere suspicion" that is the prerequisite for reasonable border searches. (1) The homemade toolbox built into the bed of Daly's pickup was large enough to contain a person; many Mexicans (and others, for

that matter) are short and one could have fitted into the box. (2) Highway 59 leads directly from Laredo to the point where the stop was made, virtually without any intersecting roads. (3) Daly was driving at night when the box could not be easily seen by a passing patrol car. (4) After the stop, the odor of marihuana was noticeable. (5) The burlap bags were of Mexican origin and created a suspicion that their contents consisted of marihuana bricks—before the bags were opened. In short, the search met the test of reasonable suspicion; it need not reach the level of a search on probable cause. Alexander v. United States, 9 Cir. 1966, 362 F.2d 379, 382, cert. denied, 385 U.S. 977, 87 S.Ct. 519, 17 L.Ed.2d 439; United States v. Tsoi Kwan Sang, 5 Cir. 1969, 416 F.2d 306; Walker v. United States, 5 Cir. 1968, 404 F.2d 900.

The Court has considered all of the other issues raised on appeal. They have no merit and need not be discussed.

The judgment below was correct and must be

Affirmed.