**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ramiro ALVARADO and Valentine
Kalie, Defendants-Appellants.**

No. 75–1583
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 24, 1975.

Rehearing Denied Oct. 28, 1975.

---

\* Rule 18, 5 Cir., See *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

Douglas Tinker, Donald B. Dailey, Kenneth L. Yarbrough, Corpus Christi, Tex., for defendants-appellants.

Edward B. McDonough, Jr., U. S. Atty., James R. Gough, Jr., Mary L. Sinderson, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before WISDOM, BELL and CLARK, Circuit Judges.

PER CURIAM:

Defendants Ramiro Alvarado and Valentine Kalie seek reversal of their convictions for conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846. They attack the constitutionality of the border search leading to discovery of the prohibited substance and the correctness of two district court actions: (1) in taking judicial notice of facts found in a prior decision, and (2) in refusing to admit certain impeachment evidence. We have reviewed each of these contentions and find them to be without merit. Accordingly, we affirm.

Briefly recounted, the testimony at trial revealed that on May 5, 1973, a vehicle occupied by two unindicted coconspirators, Maria Isabel Salinas and Frone Fae Miracle, was stopped by United States Border Patrol agent Richard J. Powell pursuant to citizenship check at the Sarita, Texas, permanent checkpoint. While routinely inquiring into the citizenship of the two ladies, agent Powell was alerted by the strong scent of strawberry emanating from the car. Powell knew from experience that strong smelling sprays of various scents were often utilized to disguise or cover the smell of marijuana. Simultaneously, the agent noticed that Ms. Miracle was displaying "her feminine charms a little bit overabundantly". Again, experience warned agent Powell that suggestive overtures by females were often used to distract an agent's attention. These indicia of suspect conduct caused him to request that the trunk be opened. The driver responded that she did not have a key. Agent Powell knew this to be still another method often used to secret illicit activity by persons who hoped that the agent would allow their vehicle to pass rather than to take the time and effort necessary to forcibly open the trunk. Aroused by this sequence of seemingly evasive maneuvers, Powell directed the automobile to a secondary inspection point for further inspection. His diligence was rewarded by discovery of some 290 pounds of marijuana hidden in the trunk of the vehicle.

At trial below, the two women testified that appellants had induced them to drive a car containing marijuana from McAllen, Texas, to Reviera, Texas, for 400 dollars. According to these witnesses, Alvarado issued the instructions and Kalie supplied the automobile.

■ On appeal both defendants argue that the search of the vehicle was unconstitutional. We disagree. In deciding the issue we are governed by pre-*Almeida-Sanchez*[1] precedent since this search occurred prior to the Supreme Court's pronouncement in that cause.[2] Under this precedent, the border "nexus" of the Sarita checkpoint is beyond dispute. *E. g., United States v. Wooldridge,* 508 F.2d 802 (5th Cir. 1975); *United States v. Merla,* 493 F.2d 910 (5th Cir. 1974). We need only determine whether agent Powell had "reasonable cause to suspect" a customs or immigration violation. *United States v. McDaniel,* 463 F.2d 129, 132 (5th Cir. 1972), *cert. denied,* 413 U.S. 919, 93 S.Ct. 3046, 37 L.Ed.2d 1041 (1973); *Accord, United States v. Diemler,* 498 F.2d 1070, 1072 (5th Cir. 1974). Clearly he had such reasonable cause here. The cumulative impact of the strong scent of strawberry, the apparent lewdness of Ms. Miracle's demeanor and the unavailability of a trunk key, clearly formed a reasonable basis for the suspicion that the trunk contained contraband.[3]

■ Defendants next point contests the trial court's right to take judicial notice of the location, justification, and other physical aspects of the Sarita checkpoint as developed and analyzed by it in a prior criminal proceeding, *U. S. A. v. Jose Ascension-Garcia,* Criminal No. 72–C–82. Again, we find no error. Clearly the trial judge was warranted in taking judicial notice of immutable geographic and physical facts adjudicated in a previous proceeding. *See* Rule 201, Federal Rules of Evidence. Additionally, we see that these same facts have been noted previously by this court in *United States v. Merla, supra.* This facility of accepting what was plainly true

could not abridge any Sixth Amendment right to confront witnesses.

■ Finally, Alvarado asserts as error the trial court's refusal to permit impeachment of Salinas and Miracle through cross-examination into the fact that both were prostitutes and had a homosexual relationship. Having failed to offer proof of conviction of either for prostitution, it was not error to refuse cross-examination on that issue. "[I]t is firmly established in this circuit that a witness may not be impeached by inquiry into specific acts of misconduct not resulting in a conviction." *Truman v. Wainwright,* 514 F.2d 150, 152 (5th Cir. 1975). Similarly, except upon proof that the witnesses had either been convicted of the crime of sodomy, or had admitted to such unnatural acts that would constitute the crime of sodomy, cross-examination on the subject of whether they had a homosexual relationship would be improper. *See Smith v. State,* 490 S.W.2d 902, 907, ref. n. r. e. (Tex.Civ.App.1972). While *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974) teaches the error of refusing reasonable cross-examination into the reasons behind a prosecution witness' willingness to cooperate, that case is distinguishable. In the first place, the proposed examination would have been improper impeachment as demonstrated above. In the second place, proof of prostitution activities would have established no special incentive for the witnesses to corroborate each others testimony. In the third place, defendants only proposed proof of a lesbian relationship was through the hope for admissions by the two women. The court correctly refused to permit this sort of speculative adventure.

Affirmed.

1. *Almeida-Sanchez v. United States,* 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973).

2. The Supreme Court has ruled that *Almeida-Sanchez* be given prospective application only. *United States v. Peltier,* 422 U.S. 531, 95 S.Ct. 2313, 45 L.Ed.2d 374, 43 L.W. 4918 (June 24,

1975); *Bowen v. United States,* 422 U.S. 916, 95 S.Ct. 2569, 45 L.Ed.2d 641, 43 L.W. 5024 (June 24, 1975).

3. Having decided the constitutional issue against defendants, we need not reach the underlying issue of their standing to object.