**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Ralph Juan QUIROZ–CARRASCO,**
**Defendant-Appellant.**

**No. 77–5016.**

United States Court of Appeals,
Fifth Circuit.

Jan. 10, 1978.

John G. Hyde, Midland, Tex. (court-appointed), for defendant-appellant.

Jamie C. Boyd, U. S. Atty., LeRoy M. Jahn, Ronald P. Guyer, Asst. U. S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before WISDOM, GEWIN and AINSWORTH, Circuit Judges.

GEWIN, Circuit Judge:

Ralph Juan Quiroz-Carrasco, a felon, was tried before a jury and convicted of interstate transportation of a firearm in violation of 18 U.S.C. § 922(g)(1). On this appeal he attacks the legitimacy of the stop and search of his automobile which led to discovery of a .30 calibre semi-automatic pistol, a receipt for purchase of the firearm in New Mexico, and approximately 100 rounds of .30 calibre ammunition. Carrasco also challenges one of the instructions given the jury. We find both contentions meritless and affirm the conviction.

At approximately 3:00 a. m. on April 11, 1976, Carrasco and two companions were traveling east on Farm Road 170 near Redford, Texas. Farm Road 170 runs roughly parallel to the Rio Grande and is known locally as the River Road. Their vehicle, a beige Cadillac with a New Mexico license plate, appeared to Border Patrol Officers Wiemers and Keim, traveling west on 170, to be riding low in the rear. The officers turned and followed the Cadillac, which almost immediately stopped at an unlighted and unoccupied store in Redford. Two occupants of the Cadillac got out and walked to a soft drink machine. The third man, Carrasco, got out of the rear seat of the Cadillac and stood by the door.

Officer Wiemers recognized Carrasco and recalled that he had been previously convicted of illegally transporting aliens and that he was suspected by Customs agents of transporting ammunition, firearms, or both into Mexico to trade for contraband. Wiemers knew that a month or two earlier Carrasco had been stopped on the same highway while transporting a number of boxes of .38 calibre ammunition beneath some chicken-feed sacks.

Officer Wiemers approached the Cadillac. Officer Keim, armed with a shotgun, stood near the passenger door of the Border Patrol vehicle. In response to Wiemers' question, Carrasco stated that he and the other two men were just out for a ride. The other two men approached Wiemers and, upon inquiry, produced proof of American citizenship. Wiemers then asked the driver, Ralph Quiroz-Carrasco, Jr., to open the trunk of the Cadillac. He produced the keys and opened the trunk. Wiemers observed a box with a picture of a gun on it, opened the box, and found a .30 calibre Enforcer carbine, approximately 100 rounds of ammunition, and a receipt disclosing that the pistol was purchased in New Mexico.

Carrasco was arrested and taken to Presidio, Texas. The next morning he signed a statement admitting purchase of the firearm in New Mexico and transportation of it into Texas.

Although the Cadillac had already come to a halt, we agree with the district court that the intrusion of the Border Patrol agents amounted to a stop under *United States v. Robinson*, 535 F.2d 881, 883 n.2 (5th Cir. 1976). Such a stop is permissible

under circumstances that arouse reasonable suspicion based on specific articulable facts. *United States v. Brignoni-Ponce,* 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975).

Many of the factors mentioned in *Brignoni-Ponce,* 422 U.S. at 884–885, 95 S.Ct. at 2581–2582, 45 L.Ed.2d at 618, 619, support the stop of Carrasco and his companions. Carrasco was traveling on a road which is known to be a major artery for aliens surreptitiously entering the United States. He was traveling at an hour when virtually no local traffic uses the River Road. According to the testimony of Officer Wiemers, the Rio Grande is no more than 500 yards from the road at the point where the stop occurred. The vehicle was heavily loaded. As he approached the Cadillac, Officer Wiemers recognized Carrasco and recalled his conviction for illegally transporting aliens, his recent apprehension on the same road with a large load of ammunition, and the suspicions regarding gun trading that Customs officers had communicated to him. Wiemers testified that all three men appeared extremely nervous. There were sufficient articulable circumstances to justify a brief intrusion by the Border Patrol officers to determine the citizenship and immigration status of the travelers, and to ask them to explain suspicious circumstances. *See Brignoni-Ponce,* 422 U.S. at 881, 95 S.Ct. at 2580, 45 L.Ed.2d at 616; *United States v. Worthington,* 544 F.2d 1275, 1279–1280 (5th Cir. 1977). *United States v. McKim,* 487 F.2d 305 (5th Cir. 1974), relied upon by appellant, is inapposite to this border search case.

For the search of the car trunk to be lawful consent must be shown, as no probable cause existed when Officer Wiemers asked Ralph Quiroz-Carrasco, Jr. to open the trunk. At the hearing on the motion to suppress evidence, the uncontradicted testimony of Officer Wiemers established consent. The district court therefore properly denied the motion to suppress, in reliance on *Schneckloth v. Bustamonte,* 412 U.S. 218, 248–249, 93 S.Ct. 2041, 2058–2059, 36 L.Ed.2d 854, 875 (1973), and *United States v. Horton,* 488 F.2d 374, 380–381 (5th Cir. 1973).

At trial, Ralph Jr. (the son) testified that one of the officers pointed a shotgun at him and that he felt he had no choice but to open the trunk. On the basis of this testimony, Carrasco "re-urged" the motion to suppress. At trial the district court refused to hear additional evidence on the motion to suppress that could have been presented at the previous hearing. Ralph Jr. was present and available as a witness at the suppression hearing, but did not testify. No evidence of any physical or psychological coercion was introduced at that time.

We believe the district court acted within its discretion in refusing to re-open the matter of suppression at the trial on the merits. *See* 8A Moore's Federal Practice ¶ 41.09[5]. In any event, in passing on the correctness of the district court's denial of Carrasco's motion to suppress, we may consider the evidence adduced at trial, even though that evidence was not presented at the pretrial suppression hearing. *Carroll v. United States,* 267 U.S. 132, 162, 45 S.Ct. 280, 69 L.Ed. 543, 555 (1925); *Rent v. United States,* 209 F.2d 893, 896 (5th Cir. 1954); *United States v. Smith,* 527 F.2d 692, 694 (10th Cir. 1975). The district court's finding of consent, based on our review of the record, is not clearly erroneous. Ralph Jr.'s testimony is entitled to no greater weight than that of the arresting officer, with which it was inconsistent.

The indictment charged that Carrasco ". . . did knowingly ship and transport a firearm and ammunition therefor . . . in interstate commerce. . ." During the charge the court instructed the jury that ". . . you do not have to find that the defendant did all of the acts charged in the indictment simply because they are joined with the word 'and'; you may properly convict the defendant if you find beyond a reasonable doubt that he was a convicted felon and knowingly either (1) shipped a firearm, (2) transported a firearm, (3) shipped ammunition, or (4) transported ammunition, in interstate commerce, any one, or more."

Viewing the indictment as a whole, and considering the continuing instruction by the court on the government's burden of proof beyond a reasonable doubt, Carrasco was not prejudiced by the charge. In fact, he admits that the challenged instruction conforms to the established rule that disjunctive statutes may be pleaded conjunctively and proved disjunctively. *See Price v. United States,* 150 F.2d 283, 285 (5th Cir. 1945); *Cunningham v. United States,* 356 F.2d 454, 455, 456 (5th Cir. 1966), *cert. denied,* 384 U.S. 952, 86 S.Ct. 1573, 16 L.Ed.2d 548 (1966). We do not agree with appellant that the challenged instruction results in inadequate procedural safeguards in a criminal case, where proof beyond a reasonable doubt of any one of the acts charged in the indictment is sufficient to sustain a conviction.

The judgment is AFFIRMED.