Charles Douglas HAWKINS, Appellant,

v.

The STATE of Texas, State.

No. 2–81–320–CR.

Court of Appeals of Texas,
Fort Worth.

Jan. 12, 1983.

Discretionary Review Granted
April 20, 1983.

Frank W. Sullivan, III, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and James J. Heinemann, Asst. Dist. Atty., Fort Worth, for State.

Before SPURLOCK, HUGHES and HOLMAN, JJ.

OPINION

SPURLOCK, Justice.

Appellant, Charles Douglas Hawkins, was convicted by a jury of possession of a controlled substance (heroin). Tex.Rev.Civ. Stat.Ann. art. 4476–15 (Supp.1982). The jury found that Hawkins had been convicted of two prior felony offenses. The trial court then sentenced Hawkins to life imprisonment.

We affirm.

Hawkins avers, in two grounds of error, that the trial court erred in refusing to suppress the introduction of evidence abandoned in the course of an illegal arrest and detention; and in overruling defense counsel's objection to an allegedly improper argument to the jury made by the prosecutor.

On the date of the alleged offense, as Hawkins walked to his car in a parking lot outside a local bar, he was approached by a passing police officer. This officer knew Hawkins by name, and said to him, "Charles, come here a minute." Hawkins turned and walked away. The officer followed (on foot), using a hand radio to alert other officers in the area that he was doing so. Another police officer heard this radio message and drove his patrol unit into a driveway near Hawkins.

He then alighted from his vehicle and stood a few steps away from Hawkins, who had stopped walking. (The first officer was still following Hawkins at a distance of 55 to 60 feet.) This second officer said, "How are you doing Mr. Hawkins?" At this point, Hawkins, who had one of his hands in his pocket, withdrew his hand suddenly and threw a paper sack over the second officer's shoulder. The officer thought at first that Hawkins had attempted to strike him. He seized Hawkins and placed him against the patrol car. He did not arrest Hawkins, and he testified that he did not intend to do so, nor did he tell Hawkins that he was under arrest or to remain there. He released Hawkins when he realized that Hawkins was not trying to strike him but had merely thrown a paper bag into a culvert. The paper bag, recovered from the culvert, contained heroin capsules.

■ These facts constitute the basis of Hawkins' complaint, in his first ground of error, that the trial court failed to suppress the introduction of the paper bag, and its contents, into evidence. Hawkins complains that: (1) he was under an illegal arrest and detention at the time he abandoned the contraband; (2) mere abandonment of contraband by an accused does not render it admissible into evidence; and (3) his detention was not a legal "investigative stop." We hold that the evidence clearly shows that Hawkins was not illegally arrested or illegally detained. The relevant issue here is whether abandonment of contraband by an accused renders this contraband admissible as evidence at his trial for possession of that contraband.

■ In *United States v. Wilson,* 492 F.2d 1160 (5th Cir.1974), the court held that marihuana had not been obtained by a search or seizure when it was picked up by officers after it had been thrown from a car as the defendants fled from officers after being stopped at a border check point. These defendants had appealed on the basis that the marihuana was obtained as a result of an illegal search and seizure. The court ruled that, as there was no search or seizure, it was unnecessary to discuss the legality of the stop, or events leading up to the abandonment of the marihuana. See also *United States v. Zimple,* 318 F.2d 676 (7th Cir.1963) where an envelope, picked up by an official, had been discarded by defendant, while both men walked together. This was held no seizure. In *Guzman v. State,* 471 S.W.2d 845 (Tex.Cr.App.1971), a narcotics officer saw Guzman, whom he knew, walking towards the restroom in a public building. The officer followed Guzman inside the restroom and saw Guzman throw a bluish green object, which appeared to be a balloon, behind a trash can. The balloon was retrieved. It contained heroin, and Guzman was charged with possession of heroin. The court held that there had been no search, and therefore, that there was no basis for objection on that ground. The balloon was recovered after it had been abandoned or discarded by Guzman. In *Noah v. State,* 495 S.W.2d 260 (Tex.Cr.App. 1973), Noah argued that the trial court had erred in admitting into evidence contraband which was recovered as a result of the unlawful chase and arrest of Noah in violation of the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. A package containing heroin was thrown from Noah's car during the chase. The court found that the contraband had not been obtained as a result of Noah's arrest and a search incident thereto, but was recovered from the ground where Noah had abandoned it.

The contraband which was recovered in the instant case had been abandoned by Hawkins, and was not obtained as a result of his arrest and/or a search incident there-

to. When police take possession of abandoned property, there is no seizure under the Fourth Amendment. *Sullivan v. State,* 564 S.W.2d 698 (Tex.Cr.App.1978) (State's Motion for Rehearing); *Campbell v. State,* 492 S.W.2d 956 (Tex.Cr.App.1973); *Cazares v. State,* 488 S.W.2d 455 (Tex.Cr.App.1973). We overrule his first ground of error.

■ Hawkins' second ground of error avers that the trial court erred in overruling his objection to the prosecutor's allegedly improper argument to the jury.

After throwing away the paper bag which contained heroin, and as officers were retrieving that bag, Hawkins ran from the scene. Narcotics officers executed an arrest warrant on Hawkins at his room in the Ramada Inn. They found in the room a "large assortment of expensive clothing, boots, colognes, cameras et cetera things." These items were confiscated, but returned later to Hawkins. One of these narcotics officers testified that 30 to 35 capsules of heroin (which is the number of capsules allegedly found within the aforementioned paper bag) is a large quantity of heroin for a dealer to carry and worth approximately $700.00.

During his final argument to the jury, the prosecutor argued that Hawkins was not just a poor heroin addict, selling drugs to provide for his addiction, but a dope dealer, who possessed $700.00 worth of heroin at the time of his alleged offense, and who possessed large quantities of expensive luxury items in his hotel room. The prosecutor asked the jury to "put two and two together." He went on to argue that Hawkins was not a victim but a victimizer. Defense counsel objected that this argument was an "attempt to prejudice the Jury outside the record." The trial court overruled this objection, and it is this ruling which constitutes the alleged error complained of on appeal. We sustain the trial court's decision. The argument complained of is a logical and reasonable deduction from the evidence adduced at trial. See *Todd v. State,* 598 S.W.2d 286, 297 (Tex.Cr. App.1980).

We affirm.