**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Steven Robert SPEED and Henry Ray
Rainer, Defendants-Appellants.**

**No. 73-2035.**

United States Court of Appeals,
Fifth Circuit.

July 18, 1974.

Rehearing Denied Sept. 18, 1974.

Fisher Alsup, Corpus Christi, Tex., Court-appointed for Ranier.

Ronald D. Karchmer, Corpus Christi, Tex., Court-appointed for Speed.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

Before RIVES, WISDOM and MORGAN, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge.

Appellee's petition for rehearing is granted. The opinion in this cause of December 28, 1973, 489 F.2d 478 (5th Cir. 1973), is withdrawn. The facts in this case are adequately described in the first three paragraphs of the previous opinion. 489 F.2d at 478–479. In essence, appellants' car was stopped at a temporary checkpoint on U. S. Highway 281, between 65 and 75 miles north of the Mexican border. There was no indication that appellants were involved in any illegal activity. After inquiring whether appellants were American citizens and being told that they were, the Border Patrol agent asked to look inside the trunk. He was told that appellants did not have the key, whereupon he had the backseat of the car removed. His search of the trunk revealed approximately 40 pounds of marihuana, which was introduced as evidence at appellants' trial for possession of marihuana with intent to distribute.

In the previous opinion, we relied on the reasoning of Almeida-Sanchez v. United States, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973). Subsequently, in United States v. Miller, 492 F.2d 37 (5th Cir. 1974), a panel of this court held that Almeida-Sanchez is not to be applied retroactively to searches which occurred before the date of that opinion, June 21, 1973. In light of Miller, we abjure any reliance on Almeida-Sanchez. However, the search in question was illegal even under pre-Almeida-Sanchez law, and we therefore sustain our prior reversal of the judgment of the district court.

The so-called border search has long been recognized as an exception to both the warrant and probable cause requirements of the Fourth Amendment to the Constitution. United States v. Thompson, 475 F.2d 1359 (5th Cir. 1973); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); Anno., 6 A.L.R.Fed. 317 (1971). However, it has also been consistently held that border searches are not entirely exempt from the Fourth Amendment, but rather are subject to the requirement that they be reasonable. United States v. Rodriguez-Hernandez, 493 F.2d 168 (5th Cir. 1974); United States v. Warner, 441 F.2d 821 (5th Cir.) cert. den. 404 U.S. 829, 92 S.Ct. 65, 30 L.Ed.2d 58 (1971); Morales v. United States, 378 F.2d 187 (5th Cir. 1967); Marsh v. United States, 344 F.2d 317 (5th Cir. 1965).

■ Although the probable cause standard of the Fourth Amendment need not be met, the officer conducting the search must have at least a reasonable suspicion of illegal activity. United States v. Daly, 493 F.2d 395 (5th Cir. 1974); United States v. Storm, 480 F.2d 701 (5th Cir. 1973); United States v. McDaniel, 463 F.2d 129 (5th Cir. 1972), cert. den. 413 U.S. 919, 93 S.Ct. 3046, 37 L.Ed.2d 1041 (1973); Morales v. United States, supra; Thomas v. United States, 372 F.2d 252 (5th Cir. 1967); Marsh v. United States, supra. In addition, the reasonable suspicion must be not merely of any violation, but of a Customs or Immigration violation. United States v. Storm, supra; United States v. McDaniel, supra. See, United States v. Solis, 469 F.2d 1113, 1114–1115, n. 2 (5th Cir. 1972), cert. den. 410 U.S. 932, 93 S.Ct. 1375, 35 L.Ed.2d 594 (1973).

It is the government's burden to show the existence of reasonable suspicion of a Customs or Immigration violation. Marsh v. United States, *supra.* In this case, the record clearly demonstrates that the government has failed to bear its burden of showing any reasonable suspicion of criminal activity. Totally lacking from the record is any fact which might have given rise to a suspicion on the part of the officers of illegal activity. In United States v. Wilson, 492 F.2d 1160 (5th Cir. 1974), the government met this burden in a case involving a checkpoint very near the one involved here by showing that the defendants attempted to elude the Border Patrol. See also, Haerr v. United States, 240 F.2d 533 (5th Cir. 1957). This case contains no such evidence.

Finally, the government has totally failed to demonstrate any nexus with the border. In Almeida-Sanchez v. United States, *supra*, it was held that a border search could be conducted only at the border or the functional equivalent thereof. 413 U.S. at 272–273. This requirement is not applicable here, but some connection or contact with the border must be shown, even though the vehicle itself need not have crossed the border. United States v. Byrd, 494 F.2d 1284 (5th Cir. 1974); United States v. Bursey, 491 F.2d 531 (5th Cir. 1974); United States v. McKim, 487 F.2d 305 (5th Cir. 1973); United States v. Steinkoenig, 487 F.2d 225 (5th Cir. 1973); United States v. Storm, *supra*; Marsh v. United States, *supra.*

The government cannot fulfill its burden of demonstrating a nexus with the border merely by showing that many violations occur in the vicinity of the search. As this court held more than a year before *Almeida-Sanchez*, "proximity to the frontier does not automatically place a 100-mile strip of citizenry within a deconstitutionalized zone, with its attendant de-escalation of Fourth Amendment requirements." United States v. McDaniel, *supra*, at 132–133.

Therefore, because the government has failed to meet its burden of showing a valid border search even under pre-*Almeida-Sanchez* standards, we conclude that the judgment of the district court must be

Reversed.