UNITED STATES of America, Plaintiff-Appellee,

v.

Richard Glynn BYRD, Defendant-Appellant.

No. 73–1426

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 8, 1975.

---

* Rule 18, 5 Cir.; See *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409.

Warren Heagy, Odessa, Tex., for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., Robert G. Darden, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

## ON PETITION FOR REHEARING EN BANC

(Opinion Sept. 7, 1973, 5 Cir., 1973, 483 F.2d 1196; Petition for Rehearing Granted May 28, 1974, 5 Cir., 494 F.2d 1284)

Before BELL, GODBOLD and INGRAHAM, Circuit Judges.

PER CURIAM:

On September 7, 1973, the conviction of Richard Glynn Byrd was reversed. 483 F.2d 1196. Because the court based its opinion in part on *Almeida-Sanchez*,[1] which was subsequently determined to have prospective application only,[2] the court granted the government's petition for rehearing. The result, however, was unchanged. 494 F.2d 1284. In a per curiam opinion the court abandoned its reliance on *Almeidia-Sanchez* but sustained its prior reversal on the authority of *United States v. Storm*,[3] *Marsh v. United States*,[4] and *United States v. Bursey*.[5] The government then petitioned the United States Court of Appeals for the Fifth Circuit for a rehearing en banc.

The Supreme Court recentiy rendered a decision, *United States v. Brignoni-Ponce*,[6] which directly bears upon the government's petition for rehearing en banc. The Court stated:

"We are unwilling to let the Border Patrol dispense entirely with the requirement that officers must have a reasonable suspicion to justify roving-patrol stops. In the context of border area stops, the reasonableness requirement of the Fourth Amendment demands something more than the broad and unlimited discretion sought by the Government. . . . We are confident that substantially all of the traffic in these cities is lawful and that relatively few of their residents have any connection with the illegal entry and transportation of aliens. To approve roving-patrol stops of all vehicles in the border area, without *any* suspicion that a particular vehicle is carrying illegal immigrants, would subject the residents of these and other areas to potentially unlimited interference with their use of the highways, solely at the discretion of Border Patrol officers."[7]   (Emphasis added.)

The Court concluded that appellant's apparent Mexican ancestry was in and of itself an inadequate basis on which to predicate the pre-*Almeida-Sanchez* intrusion.

In the *Byrd* case a roving border patrol stopped appellant's vehicle without a "reasonable suspicion" of criminal activity.[8] In fact, Officer Escobedo said he

---

1. 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973).

2. *United States v. Miller,* 492 F.2d 37 (5th Cir. 1974); *accord United States v. Peltier,* 422 U.S. 531, 95 S.Ct. 2313, 45 L.Ed.2d 374 (1975) [43 U.S.L.W. 4918, June 25, 1975].

3. 480 F.2d 701 (5th Cir. 1973).

4. 344 F.2d 317 (5th Cir. 1965).

5. 491 F.2d 531 (5th Cir. 1974).

6. 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975) [43 U.S.L.W. 5028, June 30, 1975].

7. *Id.* at [5031] 882, 95 S.Ct. at 2580.

8. The instant case is controlled by the pre-*Almeida-Sanchez* border search doctrine which requires roving border patrol officers to predicate their intrusion on at least a "reasonable

and his partner would have stopped any vehicle traveling on the particular road that evening.

 Therefore, the first opinion reversing the conviction of *Byrd*, although relying on *Almeida-Sanchez*, reached the proper result. Likewise, the subsequent opinion, abandoning reliance on *Almeida-Sanchez* while sustaining the prior reversal, was a sound and correct result in light of the Supreme Court's recent decision in *Brignoni-Ponce*. No member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35, Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the government's petition for rehearing en banc is denied.

Ward L. Koehler, El Paso, Tex., for Coffey.

Wayne Windle, Jr., El Paso, Tex., for Sparks.

William S. Sessions, U. S. Atty., San Antonio, Tex., Ronald R. Ederer, Asst. U. S. Atty., El Paso, Tex., for plaintiff-appellee.

suspicion" that the vehicle was transporting illegal aliens. *United States v. Speed*, 497 F.2d 546 (5th Cir. 1974); *United States v. Hart*, 506 F.2d 887, 894–95 (5th Cir. 1975).