UNITED STATES of America,
Plaintiff-Appellee,

v.

Rogelio DEL BOSQUE,
Defendant-Appellant.

No. 75–2524
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 21, 1975.
Rehearing Denied Dec. 30, 1975.

Daniel V. Alfaro, Corpus Christi, Tex., for defendant-appellant.

Edward B. McDonough, Jr., U. S. Atty., James R. Gough, Jr., Anna E. Stool, Mary L. Sinderson, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before COLEMAN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

At or about 7:00 A.M. on January 9, 1975, appellant, driving in a northerly direction about 60 miles from the Mexican border, touched off a signal device (a Chekar Device) embedded in the highway. In their car, Border Patrol officers received the signal, waited until appellant's car appeared, followed him for about two miles, and stopped him in the town of Hebbronville. Officer Ewing determined that appellant was a United States citizen. While conversing with

---

* Rule 18, 5 Cir., See *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

appellant, the officer detected the odor of marijuana emanating from the car trunk. The officer asked appellant to open the trunk. Appellant handed the officer his keys and told him to open it. The trunk contained two large sacks of marijuana.

Appellant was charged with possession of 104 pounds of marijuana with intent to distribute, 21 U.S.C. § 841(a)(1). He moved to suppress the evidence because the "roving Border Patrol" had neither a warrant nor reasonable suspicion to stop him. The motion was carried with the trial. Appellant waived a jury and the case was tried on April 10, 1975. The court held that the stop and search were constitutional, adjudged appellant guilty, and sentenced him to five years, six months to be under confinement and the balance on probation, a fine of $500, and a special parole term of two years.

Appellant contends that the officers had no reasonable suspicion to stop his car, that in the absence of such reasonable suspicion, a stop and search is not valid unless it occurs either at the border or its functional equivalent, *Almeida-Sanchez v. United States*, 1973, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596. The government argues that the Chekar Device is a permanent checkpoint constituting the functional equivalent of the border, and therefore the search was valid.

■ The officer's sole reason for stopping appellant's car was to check his citizenship. The officer had no prior indication that appellant had crossed the border. The single factor that the occupants of a car appear to be of Mexican ancestry does not furnish reasonable grounds to stop the car, *United States v. Brignoni-Ponce*, 1975, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607, 43 L.W. 5028; *see also United States v. Newell*, 5 Cir., 1975, 506 F.2d 401; *United States v. Diemler*, 5 Cir., 1974, 498 F.2d 1070; *United States v. Speed*, 5 Cir., 1974, 497 F.2d 546. Therefore, the officers had no reasonable suspicion to stop appellant's car.

■ Neither did this stop occur at a functional equivalent of the border,

*United States v. Ortiz*, 1975, 422 U.S. 891, 95 S.Ct. 2585, 45 L.Ed.2d 623 [43 L.W. 5026].

Reversed.