UNITED STATES of America,
Plaintiff-Appellee,

v.

Ernesto Araon ESTRADA,
Defendant-Appellant.

No. 75–3142
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 23, 1976.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

Charles L. Barrera, Terry A. Canales, Alice, Tex., for defendant-appellant.

Edward B. McDonough, Jr., U. S. Atty., Anna E. Stool, Mary L. Sinderson, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before THORNBERRY, MORGAN and RONEY, Circuit Judges.

PER CURIAM:

Ernesto Araon Estrada was found guilty of possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). We reject his argument that the conviction was based on an illegal search and seizure and affirm.

Appellant makes no contention that the search and seizure in and of themselves were improper, except insofar as they resulted from an illegal stop of appellant's vehicle by Border Patrol agents. To justify the stop, the government argued below that the "Chekar" device, by which the agents first detected appellant's vehicle proceeding north on Farm to Market Road (FM) 1017 toward Hebbronville, Texas, constituted a "permanent checkpoint" where stops are permissible even without reasonable suspicion under *Almeida-Sanchez v. United States*, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973). This court has now rejected that argument on the basis of the more recent Supreme Court decision in *United States v. Ortiz*, 422 U.S. 891, 95 S.Ct. 2585, 45 L.Ed.2d 623 (1975). *United States v. Del Bosque*, 523 F.2d 1251 (5 Cir. 1975).

Nevertheless, we believe that there were ample grounds for reasonable suspicion at the time of the stop. First, appellant was travelling at night on a road over which the transportation of illegal aliens often took place. Second, after Border Patrol agents stopped another vehicle just north of the intersection of FM 1017 A.2d and FM 285, appellant's vehicle turned off FM 1017 to the east on FM 285 and came to a stop at a trash barrel some three blocks from the intersection. Finally, appellant's vehicle suddenly resumed motion when approached by Border Patrol agents at the trash barrel. We find that, considered together, these constituted "specific articulable facts . . . that reasonably warrant[ed] suspicion" on the part of the agents and that the stop was therefore justified. *United States v. Brignoni-Ponce*, 422 U.S. 873, 884, 95 S.Ct. 2574, 2582, 45 L.Ed.2d 607 (1975).

Our decision is not affected by the fact that the Border Patrol agents made it their practice to search every vehicle travelling north on FM 1017, time and manpower permitting, regardless of any grounds for reasonable suspicion or lack thereof. The legality of the officers' action depends upon the objective facts known to them at the time appellant's freedom was restricted by the stop, and not upon the officers' subjective reasons for their actions. *See United States v. Saunders*, 476 F.2d 5, 7 (5 Cir. 1973); *Dodd v. Beto*, 435 F.2d 868

(5 Cir. 1970), *cert. denied*, 404 U.S. 845, 92 S.Ct. 145, 30 L.Ed.2d 81 (1971).

Therefore the judgment is affirmed.