**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Richard Glynn BYRD, Defendant-Appellant.**

No. 73–1426
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 25, 1976.

Warren Heagy, Odessa, Tex., for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., Robert Darden, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

(Opinion Oct. 8, 1975, 5 Cir., 1975, 520 F.2d 1101).

Before BELL, GODBOLD and INGRAHAM, Circuit Judges.

PER CURIAM:

The original panel decision reversed the conviction of appellant on the ground the search of his automobile was unconstitutional, 483 F.2d 1196. We granted the government's petition for rehearing, abandoned our reliance upon Almeida-Sanchez,[1] but on the basis of other authorities sustained the reversal, 494 F.2d 1284.

The government petitioned for rehearing en banc, and on October 8, 1975 that petition was denied, 520 F.2d 1101. The government has now filed another petition for rehearing and a supplemental petition for rehearing en banc, directed to the order of October 8, 1975.

Assuming in the peculiar circumstance of this case, that the government has a right to file the petition for rehearing now before us, it is denied, and no member of this panel nor Judge in regular active service on the court having requested that the court be polled on rehearing en banc, (Rule 35, Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the petition for rehearing en banc is denied.

BELL, Circuit Judge (dissenting).

The law pertaining to searches by border patrol agents as distinguished from customs officials, has been clarified to the point that I now believe the search of Byrd's vehicle to have been proper; hence I would grant the petition for rehearing and affirm the conviction.

My view is faithful to what this court said in its two most recent decisions touching the subject. *United States v. Soria*, 5 Cir., 1975, 519 F.2d 1060, 1062; *United States v. Thompson*, 5 Cir., 1973, 475 F.2d 1359, 1361–63. It also comports with the Supreme Court decisions in *United States v. Peltier*, 1975, 422 U.S. 531, 95 S.Ct. 2313, 45 L.Ed.2d 374 and *Bowen v. United States*, 1975, 422 U.S. 916, 95 S.Ct. 2569, 45 L.Ed.2d 641, and *Peltier*, at least, is a physical precedent for reversal of the panel decision.

In *United States v. Soria, supra* at 1062, speaking to the pre-*Almeida-Sanchez*[1] law and the difference between the authority of customs officials and border patrol agents to conduct searches beyond the border itself, we said:

The search in question here preceded *Almeida-Sanchez*. In *Peltier* and *Bowen* the Court refused to apply the probable cause requirements for roving patrol and checkpoint searches to those searches conducted before June 21, 1973. The Court in both cases noted the absence of a statutory probable cause requirement and the agents' reasonable reliance on numerous circuit court decisions indicating that immigration officials had unfettered discretion to search any vehicle for aliens within the 100 mile radius of the border. The effect of the Court's decisions in *Peltier* and *Bowen* is to insulate all pre-June 21, 1973 immigration searches conducted within 100 miles of the border from constitutional challenge.[3]

Customs agents however did not have the same unfettered discretion. Prior to *Almeida-Sanchez* our circuit consistently imposed a reasonable suspicion requirement at points beyond the border itself. *See United States v. McDaniel*, 463 F.2d 129 (5th Cir. 1972), *cert. denied*, 413 U.S. 919, 93 S.Ct. 3046, 37 L.Ed.2d 1041 (1973); *Morales v. United States*, 378 F.2d 187 (5th Cir. 1967); *Thomas v. United States*, 372 F.2d 252 (5th Cir. 1967). *See also Bowen v. United States*, 422 U.S. 916, 95 S.Ct. 2569, 2572 n. 1, 45 L.Ed.2d 641 (1975). Under these circumstances, the rationale of the Supreme Court in *Peltier* and *Bowen* is inapplicable, and we must judge this search under the standards set out in our decisions on customs searches.

As the Supreme Court noted in *Bowen*, n. 1, there is some confusion in our cases on this question. It seems apparent from a reading of the decisions

---

1. *Almeida-Sanchez v. United States*, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973).

1. 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973).

there cited that much of the confusion is the result of a failure to distinguish between the differing authority of the two types of officer, border patrol and customs. I would follow *Soria* and *Thompson* which recognize the difference. That recognition forecloses Byrd on his claim of an illegal search.

I therefore respectfully

Dissent.