UNITED STATES of America, Plaintiff-Appellee,

v.

Johnny Ray PARTNER, Defendant-Appellant.

No. 75–3795

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 5, 1976.

---

*Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Francis P. Maher, Laredo, Tex. (Court-appointed), for defendant-appellant.

Edward B. McDonough, Jr., U. S. Atty., Mary L. Sinderson, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

PER CURIAM:

Johnny Ray Partner appeals from a conviction of unlawful possession with intent to distribute 100 pounds of marihuana, in violation of 21 U.S.C. 841(a)(1).

On May 21, 1975, at about 1:15 a. m., United States Border Patrol agents were monitoring a Chekar device at the intersection of Highways 16 and 285 in the vicinity of Hebbronville, Texas. The device alerted them to the approach of a vehicle on Highway 16, which runs north from the Mexican border. They saw a 1973 Buick approach the intersection and turn east. The vehicle, which was being driven by appellant Partner and occupied by another passenger, stopped upon signalling by the agents. Partner got out and spoke with the officers momentarily, after which one of the agents opened the door to question the passenger about his citizenship. He detected the odor of marihuana and asked Partner to open the trunk of the Buick. The trunk contained 100 pounds of marihuana.

Appellant contends that the warrantless search was unlawful because there were no reasonable grounds to stop the vehicle. We agree and reverse. In the absence of reasonable suspicion, and none is shown or suggested here, the stop and search of a vehicle by a roving patrol is invalid. *United States v. Brignoni-Ponce*, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975); *United States v. Del Bosque*, 5 Cir., 1975, 523 F.2d 1251; *United States v. Estrada*, 5 Cir., 1976, 526 F.2d 357. The Government contends nevertheless that the Chekar device is a permanent checkpoint operation constituting the functional equivalent of the border and thus the search was valid. *Almeida-Sanchez v. United States*, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973). This argument, however, is foreclosed by our recent decisions in *United States v. Del Bosque, supra,* and *United States v. Estrada, supra.*

Reversed.