**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Manuel Federico MADRID,**
**Defendant-Appellant.**

**No. 75–3906**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

May 24, 1976.

Rehearing and Rehearing En Banc
Denied June 28, 1976.

Robert E. Kennedy, El Paso, Tex. (Court appointed), for defendant-appellant.

John W. Clark, U. S. Atty., San Antonio, Tex., Frank B. Walker, Asst. U. S. Atty., El Paso, Tex., for plaintiff-appellee.

Before BROWN, Chief Judge, GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

Madrid's conviction for knowing transportation of aliens was affirmed by this

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Court, *United States v. Madrid*, 5 Cir., 1975, 510 F.2d 554, but later remanded for reconsideration in light of intervening Supreme Court cases[1] concerning checkpoint stops and border searches of vehicles, *United States v. Madrid*, 5 Cir., 1975, 517 F.2d 937. The District Court held an evidentiary hearing and determined that the stop in this case was made at a permanent checkpoint and therefore the stop and search of Madrid's automobile were valid. We affirm.

Recent Fifth Circuit case law has answered the question specifically left open by the Supreme Court in *Ortiz*, 422 U.S. at 897 n. 3, 95 S.Ct. at 2589, 45 L.Ed.2d at 629. We have held that Border Patrol officers may lawfully stop motorists at established permanent checkpoints for questions as to citizenship without reasonable suspicion or probable cause. *United States v. Coffey*, 5 Cir., 1975, 520 F.2d 1103, 1104; *United States v. Santibanez*, 5 Cir., 1975, 517 F.2d 922, 923.

In our original opinion we found that this checkpoint, on Highway 70–82 near the White Sands Missile Range, was, as Madrid then conceded, a permanent checkpoint under *United States v. Hart*, 5 Cir., 1975, 506 F.2d 887, *vacated and remanded*, 422 U.S. 1053, 95 S.Ct. 2674, 45 L.Ed.2d 706.[2] Therefore, the only determination left to the District Court on remand was whether the recent border search cases[3] negated our original finding that this was a permanent checkpoint.

The District Court held an evidentiary hearing and again determined that this was a "permanent fixed checkpoint"[4] and therefore the stop was valid. Since this was a conviction for illegally transporting aliens who were in plain view in the back of the car,[5] we are not faced with the question of suppression of evidence found via a search after the stop, a problem that has frequently confronted us. *See, e. g., United States v. Partner*, 5 Cir., 1976, 527 F.2d 1337; *United States v. Del Bosque*, 5 Cir., 1975, 523 F.2d 1251; *United States v. Byrd*, 5 Cir., 1975, 520 F.2d 1101, *petition for rehearing denied*, 1976, 528 F.2d 549.

AFFIRMED.

---

1. *United States v. Ortiz*, 1975, 422 U.S. 891, 95 S.Ct. 2585, 45 L.Ed.2d 623; *United States v. Brignoni-Ponce*, 1975, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607.

2. 510 F.2d at 556.

3. *See* note 1, *supra.*

4. THE COURT: All right. I'm going to find, based on the mandate of the Fifth Circuit, based on the evidence that I was directed to hear in this case, I find that the checkpoint was fixed and permanent, maintained on a daily basis, eight hour shifts, with actual fixed buildings, turnoff areas and the like, and that it was in fact a permanent fixed checkpoint, and that it was indeed a reasonable distance from the border between Mexico and the United States. Tr. 45.

5. *See United States v. Nunn*, 5 Cir., 1976, 525 F.2d 958, 959 n. 2.